IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| DEBRA WILLIAMS, | ) | Case No.: 4:24-cv-3032-JD-TER |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| WILLIAMSBURG COUNTY | ) |  |
| SHERIFF'S OFFICE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III (DE 38), issued pursuant

to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report addresses

Defendant's Motion for Summary Judgment (DE 32) and recommends that the action

be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).[1]

A.     **Background**

The Court incorporates the factual and procedural background set forth in the

Report and Recommendation (DE 38). A brief summary is provided for context.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff Debra Williams ("Plaintiff"), proceeding *pro se*, filed this action on May 14, 2024, alleging age discrimination and retaliation arising from the termination of her employment with the Williamsburg County Sheriff's Office. (DE 1.) Defendant filed an Answer on July 8, 2024. (DE 14.) Following the completion of discovery, Defendant filed a Motion for Summary Judgment on April 4, 2025. (DE 32.)

Because Plaintiff is proceeding *pro se*, the Magistrate Judge issued a *Roseboro* Order on April 14, 2025, advising Plaintiff of the summary judgment procedure and warning that failure to respond to Defendant's motion could result in dismissal of the action. (DE 33.) Despite this notice, Plaintiff did not file a response to the motion within the time permitted.

**B.     Report and Recommendation**

On December 15, 2025, the Magistrate Judge issued the present Report recommending that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to respond to Defendant's Motion for Summary Judgment despite receiving notice of the potential consequences. (DE 38.)

The Report notes that after Defendant filed its Motion for Summary Judgment, the Magistrate Judge issued a *Roseboro* Order advising Plaintiff—who is proceeding *pro se*—of the summary judgment procedure and warning that failure to respond could result in dismissal of the action. (DE 33.) Despite receiving this notice, Plaintiff did not file a response to Defendant's motion within the time permitted.

Applying the factors identified by the United States Court of Appeals for the Fourth Circuit in *Davis v. Williams*, the Magistrate Judge concluded that dismissal was appropriate. The Report notes that Plaintiff bears personal responsibility for the failure to respond because she is proceeding without counsel, that Defendant is prejudiced by the continued pendency of the action without prosecution, and that Plaintiff failed to comply with the Court's order despite being warned of the potential consequences. The Magistrate Judge further observed that the *Roseboro* Order was not returned to the Court as undeliverable and, therefore, presumed that Plaintiff received it. (DE 38.)

Based on these considerations, the Magistrate Judge concluded that Plaintiff has abandoned her claims and recommended that the case be dismissed pursuant to Rule 41(b). (DE 38.)

## C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In

the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although Plaintiff filed a document styled as an objection, the substance of the filing states, "I wish to pursue this case further. Circumstances surrounding this case and my termination clearly show[] unfair treatment towards me due to favoritism towards a younger employee." (DE 40.) Nevertheless, Plaintiff does not make any specific objections on which this Court may focus its attention. *See Diamond*, 416 F.3d at 315. In the absence of a specific objection, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

Accordingly, after a careful review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 38) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defendant's Motion for Summary Judgment (DE 32) is TERMINATED AS MOOT.

**IT IS SO ORDERED**.

4

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 10, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.